## WOODS v. GAVENSKY.
### Civ. No. 2341.

United States District Court
D. Connecticut.
Oct. 22, 1948.

Edwin J. Donovan, Edmund Sweeney, Boston, Mass., Charles J. Delaney, Newton Centre, Mass., Regional Office of Housing Expediter, for plaintiff.

Nathan Aaron, Hartford, Conn., for defendant.

SMITH, District Judge.

### Findings of Fact

1. One Soucie was a tenant of the defendant for a period of thirty-three months, from July 1, 1945 to March 31, 1948.

2. During this period the defendant was paid by Soucie rent at the rate of $27.00 per month.

3. The maximum rent for the apartment occupied during that period by Soucie was $26.00 per month.

4. In 1948 Soucie had some domestic difficulty and desired to give up the rent and sell his furniture.

5. At that time his father-in-law, who lived with Soucie, was indebted to the defendant Gavensky in the amount of approximately $159.00 for a grocery bill incurred prior to Soucie's marriage to his daughter.

6. Soucie obtained a prospective tenant and buyer of his furniture in one Victor Zajack who was willing to pay $1400.00 for the furniture in order to obtain the apartment.

7. Zajack considered the furniture worth $1400.00 but would not have purchased it had it not been necessary to do so in order to obtain the rent.

8. Soucie sought the consent of the defendant landlord to this arrangement of permitting Zajack to have the rent on condition that he pay $1400.00 for the furniture.

9. Gavensky agreed to the proposal upon condition that Soucie pay Gavensky $150.00 in settlement of Gavensky's bill against Soucie's father-in-law for groceries.

10. Soucie went to the OPA rent office and reported the proposal of Gavensky whereupon he was advised to make the payment of $150.00 to Gavensky and obtain a receipt for the payment, which he did.

### Conclusions of Law

1. The court has jurisdiction of the parties and subject matter of the action.

2. The plaintiff is entitled to an order requiring the defendant to refund the monthly rent overcharges.

3. Under the circumstances here disclosed, the Court should not extend its aid to a participant in the scheme to violate the law insofar as he seeks to recover payments made in the carrying out of the illegal scheme.

4. The plaintiff is entitled to an injunction prohibiting the defendant from further similar violations of the Act.

### Discussion

The Housing Expediter, plaintiff in the action, seeks refund to the tenant Soucie of the overpayments of rent and of the $150.-00 paid to the landlord in order to obtain his consent to rental of the premises to the purchaser of Soucie's furniture. Plaintiff also seeks injunction against further violations by Gavensky.

 So far as the payment in connection with the renting of the apartment to Zajack is concerned, however, it appears to the Court that the landlord and tenant were both parties to a scheme to violate the Rent Control Act, 50 U.S.C.A.Appendix, § 901 et seq., by requiring the purchase of the furniture as a condition of the rental to Zajack. In the circumstances the Court feels that the tenant Soucie should not be

aided by the Court to recover from his fellow-violator the money paid in the carrying out of the illegal scheme. The $33.00, however, paid as over-the-ceiling rent because of the charging of a monthly payment erroneously figured at higher than the ceiling, which had been established on a weekly basis, was not in pursuance to any plan of evasion of the Act and should be restored to Soucie.

Judgment should, therefore, provide for the payment of $33.00 by the defendant to the tenant Soucie and for an injunction against the defendant's requiring any payments in excess of the legal rent as a condition of renting the premises.

Form of judgment may be submitted by counsel for the plaintiff in accordance herewith.